IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-02786-WYD-MJW

HILDA L. SOLIS, SECRETARY OF LABOR;
UNITED STATES DEPARTMENT OF LABOR,

    Plaintiffs,

v.

BRIGHTON MEDICAL CLINIC;
LUITHUK ZIMIK, P.C.; and
LUITHUK ZIMIK, individually,

    Defendants.

## ORDER

This case involves a complaint under the Occupational Safety and Health Act filed by the Department of Labor (hereinafter "Department") on behalf of Christhian Martinez. The Department alleges that the Defendants unlawfully terminated Martinez's employment after she complained to the Occupational Safety and Health Administration about her unsafe work environment. Currently before me is a motion to dismiss filed by one of the three Defendants in this case - Dr. Luithuk Zimik. [DE-10]. Dr. Zimik moves pursuant to Federal Rules 12(b)(1) and 12(b)(6) to dismiss the Department's Complaint because he was not Martinez's "employer" under the relevant statutory provisions and therefore cannot be liable for terminating her or discriminating against her under the Occupational Health and Safety Act, 29 U.S.C. §660(c)(1). Having considered the

parties' papers and the relevant law, I find that liability is not limited to "employers" but extends to all "persons" who discriminate against any employee for exercising their rights under Occupational Health and Safety Act.  Dr. Zimik's motion to dismiss is therefore denied as set forth below.

**I.      FACTUAL BACKGROUND**

The facts are not in dispute and Zimik's motion only raises a legal issue.  The named Defendants in this matter are Brighton Medical Clinic, Luithuk Zimik, P.C. and Luituk Zimik.  Dr. Zimik's motion, however, clarifies that the proper corporate entity involved in this case is Luithuk Zimik, M.D., P.C., d/b/a Brighton Medical Clinic.[1]  Dr. Zimik is the sole officer, shareholder and director of that corporate entity.

On August 3, 2009, Christhian Martinez commenced her employment as a receptionist with Brighton Medical Clinic, located in Brighton, Colorado.  On October 13, 2009, Martinez filed a complaint with the Denver Area Office of the Occupational Safety and Health Administration ("OSHA") alleging that Brighton Medical Clinic exposed her to various dangerous conditions in the workplace.  The following day, OSHA informed Brighton Medical Clinic that it had received a complaint without revealing the identity of the complaining party.  Martinez thereafter unsuccessfully attempted to discuss her safety concerns with her supervisor.  On October 26, 2009, Martinez faxed a letter to Brighton Medical Clinic specifying the conditions rendering her workplace unsafe, including the placement of certain boxes and malfunctioning telephones and doors.

---

[1] I will order Plaintiffs to file an appropriate motion to conform the caption and named parties in this case to the stipulation of Defendants.

Brighton Medical Clinic terminated Martinez's employment four days later on October 30, 2009.

On October 25, 2011, the Department filed a one count complaint against all three Defendants alleging that they violated the Occupational Safety and Health Act of 1970 (29 U.S.C. §§ 651-677) (hereinafter referred to as "the Act").[2] Specifically, the Department alleges that the Defendants violated Section 11(c), 29 U.S.C. §660(c)(1), by unlawfully terminating her for filing a complaint with OSHA and for refusing to reinstate her with back pay. The Department further alleges that Dr. Zimik made the decision to terminate Martinez's employment. The Department seeks an Order from the Court enjoining the Defendants from violating the OSH Act; directing the Defendants to reinstate Martinez; directing Defendants to make restitution to Martinez for lost wages; directing the Defendants to pay compensatory damages for emotional distress; and awarding any further appropriate relief.

## II.    LEGAL STANDARD

Dismissal pursuant to Rule 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. To the extent the

---

[2] Section 11(c)(1) of the Act, 29 U.S.C. §660(c)(1), provides:

(c) Discharge or discrimination against employee for exercise of rights under this chapter; prohibition; procedure for relief

(1) No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter.

Defendant attacks the factual basis for subject matter jurisdiction, the Court "may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." *SK Finance SA v. La Plata Cnty.*, 126 F.3d 1272, 1275 (10th Cir. 1997).  "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment in such circumstances."  *Id.*

Under Rule 12(b)(6), the "court's function ... is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted).  In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted).  The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

"Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses that

legislative purpose." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 179 (2009). If the statute has a "plain and unambiguous meaning with regard to the particular dispute in the case" and the statutory scheme is coherent and consistent, the Court's inquiry ends. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). Where a statute's language is plain, "the sole function of the courts is to enforce it according to its terms." *United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 241 (1989).

### III.    LEGAL ANALYSIS

#### A.    STATUTORY CONSTRUCTION OF 29 U.S.C. §660(c)(1)

The entire thrust of Dr. Zimik's motion is premised on a single legal argument - that he personally did not employ Martinez and therefore he personally cannot be liable under §660(c)(1). Under Dr. Zimik's interpretation of §660(c)(1), liability only attaches to the employers of an employee. As a result, Dr. Zimik maintains that only Martinez's employer, Brighton Medical Clinic, can be liable under §660(c)(1). He therefore argues that the Complaint must contain allegations sufficient to pierce the corporate veil of Brighton Medical Clinic for him to be a proper party. Because the Department has not advanced any basis to pierce the corporate veil, Dr. Zimik maintains that the Court lacks personal jurisdiction over him personally under §660(c)(1) and he must be dismissed form this case.

Dr. Zimik interprets the statutory language of §660(c)(1) far too narrowly. My analysis begins and ends with the language of §660(c)(1) itself. *Ron Pair Enter., Inc.*, 489 U.S. at 241. That section provides, in relevant part, that "[n]o **person** shall discharge or in any manner discriminate against any employee because such employee

has" engaged in activity protected under the Act.  29 U.S.C. §660(c)(1)(emphasis added).  The Act further provides that, "[t]he term "person" means one or more individuals, partnerships, associations, corporations, business trusts, legal representatives, or any organized group of persons."  29 U.S.C. §652(4).  There can be no dispute that Dr. Zimik, an individual, is a "person" as the term is defined under §660(c)(1).

Ignoring this straightforward analysis, Dr. Zimik argues that the reference to a "person" in §660(c)(1) can only mean an "employer" because the section prohibits discrimination against, and the discharge of "employees."  Dr. Zimik's argument ignores the plain and unambiguous language of the statute and violates the anti-suplerfuous canon of statutory construction.  The Act defines both "person" and "employer"[3] in the definitions section of the statute.  29 U.S.C. §652.  Had Congress intended, as Dr. Zimik argues, to limit §660(c)(1)'s scope to only "employers," it presumably would have used the term "employer" instead of "persons" in §660(c)(1).  Because I must "assume that Congress used two terms because it intended each to have a particular, non-superfluous meaning," *Bailey v. United States*, 516 U.S. 137, 146 (1995), Dr. Zimik's argument must be rejected.

My analysis and conclusion also finds support from the only two published decisions interpreting this aspect of §660(c)(1) that the parties cited or my own research uncovered.  In *Donovan v. Diplomat Envelope Corp.*, 587 F.Supp. 1417 (E.D.N.Y. 1984)

---

[3] An "employer" is defined as "a person engaged in a business affecting commerce who has employees[.]"  29 U.S.C. §652(5).

the Secretary of Labor filed suit against an employer and its vice-president alleging they discharged an employee for complaining to his union of violations of the Act. The vice-president moved for summary judgment and argued that §660(c)(1) authorizes a claim only against the employer itself and not against the employer's officers. *Id.* at 1425. The *Donovan* court noted that the vice-president's "contention is easily disposed of" because §660(c)(1) uses the term "person", not "employer" and the Act contains separate definitions for "person" and "employer." *Id.*

The court in *Reich v. State Credit Inc.*, 897 F.Supp. 1014, 1016 (N.D. Ohio 1995) reached the same conclusion. In that case, the Secretary of Labor filed suit against an employer and a manager for retaliating against an employee in violation of §660(c)(1). The manager argued that he could not be individually liable under §660(c)(1) because he was merely the employer's agent. *Id.* at 1016. In rejecting this contention, the court found the manager's argument contrary to the statute's specific language that "no *person* shall discharge or in any manner discriminate." *Id.* (quoting 29 U.S.C. §660(c)(1)) (emphasis in original). The court held that the manager was not excused from liability as an agent of the employer because the "statute's prohibition extends to any other person in a position to discriminate[.]" *Id.* (quotations omitted).

Consistent with *Donovan* and *Reich*, Dr. Zimik cannot avoid liability under §660(c)(1) merely because he did not employ Martinez. Those decisions make clear that the statute extends beyond "employers" and encompasses "any person" who discriminates against an employee in violation of the Act. *Reich*, 897 F.Supp. at 1016; *Donovan*, 587 F.Supp. at 1425. Moreover, the applicable federal regulations echo this

sentiment:

> the prohibitions of section 11(c) are not limited to actions taken by employers against their own employees. A person may be chargeable with discriminatory action against an employee of another person. Section 11(c) would extend to such entities as organizations representing employees for collective bargaining purposes, employment agencies, or any other person in a position to discriminate against an employee.

29 C.F.R. § 1977.4.

### IV.  CONCLUSION

Based on the foregoing, there exists no support in the express language of the Act, the case law or the federal regulations for Dr. Zimik's argument that only employers can be liable for discriminating against employees under §660(c)(1).  Accordingly, it is

ORDERED THAT

(1)   Defendant Luithuk Zimik's Motion to Dismiss [DE-10] is DENIED.

(2)   Plaintiffs shall file a motion as directed in footnote 1 on or before **October 26, 2012**.

Dated:  September 24, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE